*Formatted for Electronic Distribution*                                                                *Not for Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

In re:

    Winter Manufacturing, Inc.        Filed & Entered        Chapter 7 Case
        Debtor.        On Docket        # 09-10676
            March 2, 2010

### ORDER
### APPROVING MOTION TO ENLARGE THE TIME FOR FILING PROOF OF CLAIM
### AND DEEMING PROOF OF CLAIM FILED AS OF JANUARY 26, 2010

Winter Manufacturing, Inc. (the "Debtor") filed a voluntary chapter 7 petition on June 10, 2009 (doc. 1). On July 15, 2009, the Clerk of Court issued a notice of assets, which informed creditors of the need to file proofs of claim and set a bar date of October 15, 2009 for the filing of non-government proofs of claim (doc. 10). On January 26, 2010, Joann and Michael Cone (the "Creditor") filed the instant motion to enlarge the time to file a proof of claim (doc. 67) (the "Motion"). The Debtor consents to this relief. The Creditor attached a proof of claim to the motion (Id. at 3–4), which this Court will, for purposes of its analysis, treat as having been filed on the date the Motion was filed.

In a chapter 7 case, a proof of claim is timely filed only if it is filed by the bar date. The bar date is set on the 90th day after the first date set for the § 341 meeting of creditors, unless one of the six exceptions enumerated in Federal Rule of Bankruptcy Procedure 3002(c) apply. Fed. R. Bankr. P. 3002(c)(1)–(6); Fed. R. Bankr. P. 9006(b)(3). A claim that is not timely filed under Bankruptcy Rule 3002 is characterized as a tardily-filed claim. The Court must determine if the Creditor's tardily filed claim is to be allowed as timely. A tardily filed claim may be deemed timely if it meets the criteria set forth in § 726(a). 11 U.S.C. § 502(b)(9). Section 726(a) provides, in relevant part, that:

    (a) . . . [P]roperty of the estate shall be distributed—
        . . .
        (2) second, in payment of any allowed unsecured claim . . ., proof of which is—
            (A) timely filed under [section 501(a)];
            (B) timely filed under [section 501(b) or 501(c)]; or
            (C) tardily filed under [section 501(a)], if—
                (i) the creditor that holds such claim did not have notice or actual
                knowledge of the case in time for timely filing of a proof of such claim

       under [section 501(a)]; and
       (ii) proof of such claim is filed in time to permit payment of such claim;
(3) third, in payment of any allowed unsecured claim proof of which is tardily filed under [section 501(a)] other than a claim of the kind specified in paragraph (2)(C) of this subsection . . ..

11 U.S.C. § 726(a). Thus, untimely-filed claims of creditors without notice or actual knowledge are given higher priority for payment than untimely-filed claims of creditors with notice or actual knowledge of the chapter 7 case. <u>Perry v. First Citizens Fed. Credit Union</u>, 304 B.R. 14, 19 (D. Mass. 2004).

    Here, the Creditor's proof of claim was untimely filed, and none of the Rule 3002(c) exceptions apply. However, where the mandates of a bankruptcy rule, namely Rule 3002(c), conflict with a provision of the Bankruptcy Code, namely § 726(a), by setting an absolute deadline for filing a proof of claim in a chapter 7 case, the terms of the Code control. <u>Id.</u> at 21. Thus, if the facts surrounding the Creditor's notice of the case satisfy the conditions of § 726(a)(2)(C), then the Creditor's claim is given the same priority as timely-filed proofs of claim, notwithstanding the language of Rule 3002(c). By contrast, if those criteria are not satisfied, the Creditor's claim is subordinated to timely-filed claims, as provided in § 726(a)(3). In order to satisfy the conditions of § 726(a)(2)(C), the Creditor must show that (i) the Creditor did not have notice or actual knowledge in time to file a timely proof of claim, and (ii) the Creditor filed a proof of claim in time to permit distribution from the estate.

    (i) <u>The Creditor Did Not Have Notice or Actual Knowledge</u>

    The Debtor did not list the Cones as a creditor in this case on Schedule F or on the creditor matrix (doc. 1). Consequently, the Clerk of Court did not serve the Cones with notice of either the bankruptcy case (doc. 3) or the notice to file proofs of claim that set the bar date for filing non-government proofs of claim (doc. 12). Further, Joann Cone affirms in an affidavit that (a) she did not learn of the Debtor's bankruptcy filing until mid-November of 2009 (doc. 67-1, ¶ 6) (after the October 15, 2009 bar date had passed), (b) she did not receive any notice of the bankruptcy prior to November of 2009 (<u>Id.</u> at ¶ 7), and (c) she was not aware that she and her husband had a claim against the Debtor until after the bar date (<u>Id.</u> at ¶ 8).

    Based upon these uncontested facts, this Court finds that the Creditor did not have notice or actual

2

knowledge of this bankruptcy case in time to timely file a proof of claim, and therefore, that the first prong of § 726(a)(2)(C) is satisfied.

(ii) <u>The Creditor Filed Claim in Time to Permit Payment</u>

The Cones filed a proof of claim with the instant motion on January 26, 2010. As of that date, the Trustee had not made any distribution to holders of allowed unsecured claims. Moreover, the Trustee did not object to the enlargement of time so that the Creditor could file a timely claim. Based upon these uncontested facts, this Court finds that the Cones filed their proof of claim in time to permit payment of the claim, and therefore, that the second prong of § 726(a)(2)(C) is satisfied.

In accordance with this Court's findings, IT IS HEREBY ORDERED that the time in which Joann Cone and Michael Cone may file a proof of claim is enlarged through February 1, 2010.

IT IS FURTHER ORDERED that the proof of claim attached to the instant motion (doc. 67, 3–4) is deemed filed in this case as of January 26, 2010, and therefore is timely.

SO ORDERED.

Rutland, Vermont  
March 1, 2010

Colleen A. Brown  
United States Bankruptcy Judge