*Formatted for Electronic Distribution*                                       *Not for Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

In re:

    **Winter Manufacturing, Inc.**                    **Chapter 7 Case**
               **Debtor.**                              **# 09-10676**

Filed & Entered
On Docket
September 29, 2011

*Appearances:*

Heather Z. Cooper, Esq.                          Christopher T. Hilson, Esq.
Rutland, Vermont                                James F. Carroll, Esq.
For F. Douglas Anderson, Lynn Bailey,        Exeter, New Hampshire
David Gauthier, & James Kirschner,           For Elizabeth Callahan & Daniel Howard

Thomas C. Bixby, Esq.                        John R. Canney III, Esq.
Rutland, Vermont                                Rutland, Vermont
For Christine & Michael Spangler              Chapter 7 Trustee

James B. Anderson, Esq.
Rutland, Vermont
For TD Bank, N.A.

## ORDER
### GRANTING IN PART AND DENYING IN PART
### MOTION FOR EARLY DISBURSEMENT TO PRE-PETITION EMPLOYEES,
### OVERRULING IN PART AND SUSTAINING IN PART REMAINING OBJECTIONS TO MOTION,
### AND FIXING AMOUNT OF ALLOWED CLAIMS

         For the reasons set forth in the memorandum of decision of even date, IT IS HEREBY ORDERED that the Court overrules in part and sustains in part the remaining objections to the motion requesting allowance and early payment of claims for pre-petition wages, salary and vacation pay filed in the instant case by Lynn Bailey, James Kirschner, Mark Brosseau, David Gauthier, Teresa Winter, John L. Kennedy, and F. Douglas Anderson (the "Motion"), and thus grants in part and denies in part the Motion, and allows the Claimant's claims as follows:

1.     <u>With respect to the claim of Lynn Bailey</u> (claim # 20-2): The Howards' objections to Ms. Bailey's claim and Motion are overruled and the Trustee's objections to this claim and Motion are overruled.  Ms. Bailey's claim is allowed as a priority claim in the amount of $3,628.34.  Ms.

1

     Bailey's motion for early disbursement of her allowed priority claim is granted.

2. <u>With respect to the claim of James Kirschner</u> (claim # 24-2): The Howards' objections to Mr. Kirschner's claim and Motion are overruled in part and sustained in part, and the Trustee's objections to this claim and Motion are overruled.  Mr. Kirschner's allowed priority claim is reduced by $28.29; this latter sum is allowed as a general unsecured claim.  Mr. Kirschner's motion for early disbursement of his priority claim is granted as to the allowed claim in the amount of $4,709.25.

3. <u>With respect to the claim of Mark Brosseau</u> (claim # 25-1): The Trustee's objections to Mr. Brosseau's claim and Motion are sustained. Mr. Brosseau's claim is disallowed as a priority claim <u>in</u> <u>toto</u> and will instead be allowed as a general unsecured claim.  Mr. Brosseau's motion for early disbursement of his priority claim is denied.

4. <u>With respect to the claim of David Gauthier</u> (claim # 46-2): The Howards' objections to Mr. Gauthier's claim and Motion are overruled.  The Trustee's objections to the claim and Motion are sustained as to vacation pay and otherwise overruled.  Mr. Gauthier's allowed priority claim is reduced by $5,673.09; this latter sum is allowed as a general unsecured claim.  Mr. Gauthier's motion for early disbursement of his priority claim is granted as to the allowed claim in the amount of $2,490.05.

5. <u>With respect to the claim of Teresa Winter</u> (claim # 48-1):  The Trustee's objections to Ms. Winter's claim and Motion are overruled in part and sustained in part.  Ms. Winter's priority claim is reduced by $453.39; that sum will instead be allowed as a general unsecured claim.  Ms. Winter's motion for early disbursement of her priority claim is granted as to the allowed claim in the amount of $1,873.72.

6. <u>With respect to the claim of John L. Kennedy</u> (claim # 55-1): The Trustee's objections to Mr. Kennedy's claim and Motion are sustained. Mr. Kennedy's claim is disallowed as a priority claim <u>in</u> <u>toto</u> and will instead be allowed as a general unsecured claim. Mr. Kennedy's motion for early disbursement of his claim is denied.

7. <u>With respect to the claim of F. Douglas Anderson</u> (claim # 62-2): The Howards' objections to Mr. Anderson's claim and Motion are overruled and the Trustee's objections to this claim and Motion are overruled.  Mr. Anderson's claim is allowed as a priority claim in the amount of $4,172.18.  Mr. Anderson's motion for early disbursement of his allowed priority claim is granted.

     IT IS FURTHER ORDERED that:

8. Lynn Bailey, David Gauthier, and F. Douglas Anderson may each file a further amended proof of

claim on or before October 14, 2011, for the limited purpose of correcting the priority wage claim amount sought on each Claimant's amended proof of claim (claim ## 20-2, 46-2, 62-2) if the amount was derived in error and fails to present the wage claim in terms of gross earnings.

9. If further amended proofs of claim are filed, the Trustee may file an objection thereto on or before October 28, 2011, on the basis that the computation of the wage claim is incorrect.

10. The Trustee shall disburse payment on the allowed priority claims, as determined in the accompanying memorandum of decision, as follows:

   a. By November 14, 2011, the Trustee shall disburse payment of the allowed priority claims of Teresa Winter and James Kirschner;

   b. By November 14, 2011, the Trustee shall disburse payment of the allowed priority claims of Lynn Bailey, David Gauthier, and F. Douglas Anderson, except that if any of these Claimants file a further amended claim, disbursement shall be delayed on those claims as set forth below; and

   c. If any of the parties authorized to file a further amended claim do so, the Trustee shall disburse to that party 30 days after the further amended claim is filed, unless the Trustee objects, in which case he shall disburse within 14 days of the final determination of the allowed claim.

SO ORDERED.

September 29, 2011  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge